UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| ARRON LAIR,<br><br>  Plaintiff,<br><br> v.<br><br>STAFEEVA,<br><br>  Defendant. | Case No. 2:25-cv-02149-APG-MDC<br><br>**ORDER** |

On October 31, 2025, pro se plaintiff Arron Lair, an inmate in the custody of the Nevada Department of Corrections, submitted a complaint under 42 U.S.C. § 1983. (ECF No. 1-1.) Plaintiff did not pay the full $405 filing fee for this matter or file an application to proceed *in forma pauperis* ("IFP"). It is also unclear if Plaintiff intended for this Complaint to open a new case, as the Complaint docketed in this case includes several pages from a Complaint in Plaintiff's currently pending case, *Lair v. Stafeena, et al.*, No. 2:25-cv-00039-APG-MDC. If Plaintiff did not intend to open a new case, then he may file a notice of voluntary dismissal in this case. But if Plaintiff did intend to open a new case, then he must **either** pay the filing fee **or** file a fully complete IFP application in this case **by January 5, 2026**.

I.  DISCUSSION

This Court must collect filing fees from parties initiating civil actions. 28 U.S.C. § 1914(a). As of December 1, 2023, the fee for filing a civil-rights action is $405, which includes the $350 filing fee and the $55 administrative fee. *See* 28 U.S.C. § 1914(b). "Any person who is unable to prepay the fees in a civil case may apply to the court for leave to proceed *in forma pauperis*." Nev. Loc. R. Prac. LSR 1-1. For an inmate to apply for IFP status, the inmate must submit <u>all three</u> of the following documents to the Court: (1) a completed **Application to Proceed *in Forma Pauperis* for Inmate**, which is pages 1–3

of the Court's approved form, that is properly signed by the inmate twice on page 3; (2) a completed **Financial Certificate**, which is page 4 of the Court's approved form, that is properly signed by both the inmate and a prison or jail official; and (3) a copy of the **inmate's prison or jail trust fund account statement for the previous six-month period**. *See* 28 U.S.C. § 1915(a)(1)–(2); Nev. Loc. R. Prac. LSR 1-2. IFP status does not relieve inmates of their obligation to pay the filing fee, it just means that an inmate can pay the fee in installments. *See* 28 U.S.C. § 1915(b).

## II.   CONCLUSION

It is therefore ordered that, if Plaintiff did not intend to open a new case, then he may file a notice of voluntary dismissal in this case.

It is further ordered that, if Plaintiff did intend to open a new case, then he has **until January 5, 2026**, to either pay the full $405 filing fee or file a fully complete IFP application with all three of the following required documents:

(i) a completed application with the inmate's two signatures on page 3,

(ii) a completed financial certificate that is signed both by the inmate and the prison or jail official, and

(iii) a copy of the inmate's trust fund account statement for the previous six-month period.

Plaintiff is cautioned that this action will be subject to dismissal without prejudice if Plaintiff fails to timely comply with this order. A dismissal without prejudice allows Plaintiff to refile the case with the Court, under a <u>new</u> case number, when Plaintiff can file a complete IFP application or pay the required filing fee.

The Clerk of the Court is directed to send Plaintiff Arron Lair this Court's approved form application to proceed *in forma pauperis* for an inmate with instructions.

The Clerk of the Court is further directed to send Plaintiff a courtesy copy of the docket sheet in Case No. 2:25-cv-00039-APG-MDC

DATED: November 7, 2025

_____
Hon. Maximiliano D. Couvillier, III
UNITED STATES MAGISTRATE JUDGE

3